MADDOX, Justice
(dissenting).
I agree with everything stated in the majority opinion relative to the admissibility of evidence of a wife’s infidelity on an accused husband’s defense of not guilty by reason of a mental disease or defect. However, the issue is whether an accused who testified that he was driven temporarily insane by his wife’s infidelity will be allowed to introduce evidence of his wife’s infidelity to bolster his own testimony and that of his psychologist, especially when such evidence would be mere reinforcement of a fact, i.e. the wife’s infidelity, which the psychologist testified to as an assumed fact.[1]
*570 Admittedly, the wife testified, in answer to a question on cross-examination, that she was not guilty of infidelity. The majority seems to stress the fact that “[t]he State made no objection to this question” but that does not matter, in my opinion, because, as the majority aptly states, the rule of law is that the accused, having filed a plea of not guilty by reason of insanity, would have been permitted to introduce evidence of his wife’s infidelity as proof of the fact of his insanity; therefore, an objection to the question, in this case in which the defendant’s plea of mental disease or defect was based upon the wife's alleged infidelity, should have been overruled, if made.
The fact of the matter is that the accused was not foreclosed from proving his wife’s infidelity, and the majority inferentially admits this, because as the majority points out, “[t]he defendant and his psychologist testified that the defendant had knowledge of his wife’s sexual misconduct,” and that “[i]n the opinion of the psychologist, in light of the stress the defendant was under and the impact of the shooting, it was possible that the defendant ‘may not have known right from wrong; and it’s also possible that even if he did he couldn’t control himself because he was totally out of character with himself.’ ”
The question, therefore, as I view it, is not whether evidence of a wife’s infidelity is admissible — clearly it is — but whether an accused, having testified himself in opposition to his wife’s testimony, should be allowed to introduce further proof of what was an assumed fact in this particular case. I think the answer to that question is in the negative; therefore, I am of the opinion that the trial judge, in the exercise of a sound discretion, did not err to reversal in refusing to permit the defendant to bring in four witnesses to further prove a fact already testified to, and which was assumed to be true in hypothesizing a question to the psychologist. In this case, the proof would have been cumulative, at most, and merely reinforcing a fact which was testified to by the defendant himself and which was assumed for the purpose of the psychologist’s testimony.
I think there was no reversible error, because, even if the trial judge erred, it would have been harmless error in this case, because the defendant was permitted to prove his defense; the excluded evidence did not injuriously affect a substantial right of the defendant. Rule 45, Ala.R. App.P. Consequently, I must respectfully dissent.
HOUSTON and STEAGALL, JJ„ concur.

. As the majority correctly points out, the accused was not only allowed to testify to his knowledge of his wife’s infidelity, but also was allowed to have his psychologist testify that the *570 accused’s knowledge of his wife’s infidelity could have caused him to be temporarily insane.